# EXHIBIT "A"

*0261267736 — Claim #*

*Jim MacMahon — Claim owner*

ENTERED & FILED

2013 OCT -2 P 3: 12

PROTHONOTARY OFFICE
LEBANON, PA

| | |
|---|---|
| GUY F. MILITELLO<br>295 Awol Road<br>Jonestown, PA 17038<br>    Plaintiff<br><br>vs.<br><br>ALLSTATE PROPERTY AND<br>CASUALTY INSURANCE<br>COMPANY<br>2775 Sanders Road<br>Northbrook, IL 60062<br>    Defendant | IN THE COURT OF COMMON PLEAS OF<br>LEBANON COUNTY, PENNSYLVANIA<br><br>CIVIL ACTION - LAW<br><br>NO. 2013-01920 |

NORTHEAST CASUALTY MCO

**OCT 1 6 2013**

**RECEIVED**

Corporate Litigation
OCT 09 2013
Received

### PRAECIPE FOR SUMMONS

To the Prothonotary:

Issue a Writ of Summons in Civil Action – Law in the above case.
Writ of Summons shall be issued and returned to the undersigned for service.

_____
GUY F. MILITELLO

Dated: October ___, 2013

\* \* \* \* \*

### WRIT OF SUMMONS IN CIVIL ACTION

TO: ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY

*Claims*

the above-named Plaintiff has commenced an action against you.

_____ Prothonotary
by Debra P. _____ Deputy Prothonotary

Date: October 2, 2013

F:\dlb\Litigation\Militello, Guido\Militello v Allstate\Complaint.docx - 1/15/14 4:01 PM

ENTERED & FILED

2014 JAN 16 P 3: 03

PROTHONOTARY
LEBANON

| | | |
|---|---|---|
| GUY F. MILITELLO, | : | IN THE COURT OF COMMON PLEAS OF |
| Plaintiff | : | LEBANON COUNTY, PENNSYLVANIA |
| vs. | : | CIVIL ACTION - LAW |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, | : | NO. 2013-01920 |
| Defendant | : | |

## COMPLAINT

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

MidPenn Legal Services
513 Chestnut Street
Lebanon, Pennsylvania 17042
(717) 274-2834

AND NOW, comes the Plaintiff, Guy F. Militello, by his attorneys, Buzgon Davis Law Offices, and files this Complaint, averring as follows:

1. Plaintiff, Guy F. Militello, is an adult and competent individual who resides at 295 Awol Road, Jonestown, Lebanon County, Pennsylvania, 17038 (hereinafter "MILITELLO").

2. Defendant, Allstate Property and Casualty Insurance Company, is a licensed insurer with a business address of 2775 Sanders Road, Northbrook, Illinois, 60062 (hereinafter "ALLSTATE").

3. MILITELLO is the owner of the premises located at 295 Awol Road, Jonestown, Lebanon County, Pennsylvania (hereinafter "PREMISES").

4. PREMISES contains a number of structures including a horse and horse pool barn (hereinafter "STRUCTURE").

5. On or about October 5, 2012, STRUCTURE sustained severe damage when a horse damaged a center support column causing extensive collateral damage to STRUCTURE (hereafter "LOSS").

## COUNT I – BREACH OF CONTRACT

6. The averments of paragraphs 1 through 5 are incorporated herein by reference as if textually set forth at length.

7. ALLSTATE and MILITELLO entered into a contract of insurance prior to October 5, 2012, which contract insured STRUCTURE, and which contract remained in effect on October 5, 2012.

8. MILITELLO submitted a timely claim to ALLSTATE for LOSS, which LOSS was a covered loss under said insurance contract.

9. ALLSTATE did not pay said LOSS claim in its entirety.

10. The damage to STRUCTURE, and the resulting LOSS claim, totaled approximately Two Hundred Sixteen Thousand One Hundred Seventy Dollars ($216,170).

11. Despite demand, ALLSTATE has only paid a One Hundred Two Thousand Three Hundred Twenty-Eight Dollars and Nineteen Cent ($102,328.19) portion of said LOSS claim.

12. ALLSTATE is in breach of its insurance contract with MILITELLO as a result of ALLSTATE's failure to pay said LOSS claim in its entirety.

13. ALLSTATE has breached the terms and conditions of said insurance contract by failing to adjust and pay the subject loss accurately, consistent with their express and implied promise to do so.

WHEREFORE, Plaintiff, Guy F. Militello, respectfully requests your Honorable Court to enter judgment in his favor, and against the Defendant in the amount of One Hundred Thirteen Thousand Eight Hundred Forty-One Dollars and Eighty-One Cents ($113,841.81), plus interest and costs of suit.

## COUNT II –

## VIOLATION OF UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

14. The averments of paragraphs 1 through 13 are incorporated herein by reference as if textually set forth at length.

15. ALLSTATE, in adjusting the subject claim, made representations which were material to MILITELLO's claim, which representations were either false or which were in reckless disregard of the truth and which were intended to mislead MILITELLO.

16. Said misrepresentations were undertaken for the purpose of denying MILITELLO's claim, in whole or in part.

17. By making representations which were false, either intentionally or through reckless disregard, ALLSTATE's conduct was in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1 et seq.

18. ALLSTATE's conduct constitutes an unfair method of competition and/or an unfair or deceptive act or practice, in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

19. As a direct result of ALLSTATE's violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, Plaintiffs are entitled to the damages stated above, as well as treble damages.

WHEREFORE, Plaintiff, Guy F. Militello, respectfully requests your Honorable Court to enter judgment in his favor, and against the Defendant in the amount of Three Hundred Forty-One Thousand Five Hundred Twenty-Five Dollars and Forty-Three Cents ($341,525.43).

### COUNT THREE – BAD FATH

20. The averments of paragraphs 1 through 19 are incorporated herein by reference as if textually set forth at length.

21. ALLSTATE has engaged in a pattern and practice of bad faith conduct in order to enhance its own profitability, reduce claims payments, enjoy the profits of interest accumulations, and unjustly utilized monies which were rightfully due to MILITELLO.

22. ALLSTATE's bad faith conduct, as proscribed by 42 Pa.C.S.A. §8371, has included, but is not necessarily limited to, the following:

(a) Failing to pay insurance benefits which were rightfully due to Plaintiff without any reasonable basis or justification;

(b) Misrepresenting the extent and nature of benefits afforded under Plaintiff's insurance policy in violation of 31 Pa.Code 146.4;

(c) Engaging in unfair practices in misrepresenting the benefits, advantages, conditions and terms of the insurance policy in violation of 40 P.S. § 1171.5(a)(1)(i);

(d) Misrepresenting the pertinent facts, policy, and contract provisions relating to the coverage afforded to Plaintiff under the terms and conditions of the policy in violation of 40 P.S. § 1171.5(a)(10)(i);

(e) Generally misrepresenting the coverage terms, conditions and values;

(f) Failing to adopt and implement reasonable standards and procedures for the prompt and accurate investigation and payment of Plaintiff's LOSS as mandated by 40 P.S. § 1171.5(a)(10)(iii);

(g) Refusing to pay significant portions of Plaintiff's claim without conducting a reasonable investigation based upon all available information as mandated by 40 P.S. § 1171.5(a)(10)(iv);

(h) Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim where ALLSTATE's liability under the policy was clear, as mandated by 40 P.S. § 1171.5(a)(10)(vi); and

(i) Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy by delaying the review of the claim, offering substantially less and offering to negotiate the claim in violation of 40 P.S. § 1171.5(a)(10)(vii).

23. Allstate's concerted effort to delay and deny Plaintiff's insurance benefits without any reasonable basis is outrageous and egregious conduct.

24. Allstate's bad faith conduct, as proscribed by 42 Pa.C.S.A. § 8371, entitles Plaintiff to recover all statutorily permissible damages including any and all compensatory damages, attorney's fees and interest, and warrants the imposition of punitive damages.

WHEREFORE, Plaintiff respectfully requests your Honorable Court to enter judgment in his behalf in an amount in excess of Fifty Thousand Dollars ($50,000) in addition to interest, punitive damages, costs and attorney's fees.

BUZGON DAVIS LAW OFFICES

BY: _____
Edward J. Coyle, Esquire
Attorney I.D. #49742
525 South Eighth Street
Post Office Box 49
Lebanon, PA   17042-0049
(717) 274-1421
Fax: (717) 274-1752
E-mail: coyle@buzgondavis.com
Attorneys for Plaintiff

## **VERIFICATION**

I, Guy F. Militello, do hereby verify that I am the _Plaintiff_ in the within action, and that the facts set forth in the foregoing _Complaint_ are true and correct to the best of my knowledge, information and belief. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsifications to authorities.

X _[signature]_
Guy F. Militello

Date: 1-16-14

F:\dlb\Litigation\Militello, Guido\Militello v Allstate\Affidavit of service complaint.docx - 1/16/14 8:36 AM

| | | |
|---|---|---|
| GUY F. MILITELLO, | : | IN THE COURT OF COMMON PLEAS OF |
| | : | |
| Plaintiff | : | LEBANON COUNTY, PENNSYLVANIA |
| | : | |
| vs. | : | CIVIL ACTION - LAW |
| | : | |
| ALLSTATE PROPERTY AND INSURANCE COMPANY, | : | NO. 2013-01920 |
| | : | |
| Defendant | : | |

## AFFIDAVIT OF SERVICE

COMMONWEALTH OF PENNSYLVANIA )
                              ) ss:
COUNTY OF LEBANON             )

I, SHARON M. SECOGES, an employee of Buzgon Davis Law Offices, 525 South Eighth Street, Lebanon, Lebanon County, Pennsylvania, Attorneys for Plaintiff, being duly sworn according to law, depose and say that I mailed on January 16, 2014, by regular mail, in a postpaid envelope, a true and correct copy of COMPLAINT, the original of which was filed on January 16, 2014, in the Office of the Prothonotary of Lebanon County, Pennsylvania, to Christian P. LaBletta, Esquire, DONNELLY & ASSOCIATES, One West First Avenue, Suite 450, Conshohocken, Pennsylvania, 19428, attorney for Defendant.

_____
SHARON M. SECOGES

Sworn to and subscribed
before me this 16th day
of January, A.D., 2014.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Crystal L. Fisher, Notary Public
City of Lebanon, Lebanon County
My Commission Expires Aug. 27, 2017
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES