IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GUY F. MILITELLO,** | : | |
| **Plaintiff** | : | **Civ. No. 14-cv-00240** |
| | : | |
| **v.** | : | |
| | : | |
| **ALLSTATE PROPERTY AND** | : | |
| **CASUALTY INSURANCE CO.,** | : | |
| | : | **Sylvia. H. Rambo** |
| **Defendant** | : | |

## M E M O R A N D U M

Presently before the court is Defendant's motion to dismiss Counts II and III of Plaintiff's amended complaint pursuant to Federal Rule of Procedure 12(b)(6) for failure to state a claim.  In addition, Defendant moves to strike a portion of the amended complaint pursuant to Federal Rule of Civil Procedure 12(f).  For the reasons that follow, the motion will be granted in part and denied in part.

## I.       Background

As is required when deciding a motion to dismiss, the court will accept the well-pleaded factual averments set forth in the amended complaint (Doc. 3) as true and view them in the light most favorable to Plaintiff as the nonmoving party.

Plaintiff, Guy Militello ("Plaintiff"), owned a horse barn located within the Middle District of Pennsylvania that was insured by Defendant, Allstate Property and Casualty Insurance Company ("Defendant").  On October 5, 2012, a horse damaged a center support column in the barn, resulting in significant damage to the property.  Plaintiff submitted a claim to Defendant in the amount of $216,170.00.  Defendant declined to pay the claim in its entirety and instead provided Plaintiff with a payment in the amount of $102,328.19.

Plaintiff initiated this lawsuit on January 16, 2014 by filing a three-count complaint in the Court of Common Pleas of Lebanon County, Pennsylvania, for breach of contract (Count I), breach of the Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201-1 ("UTPCPL") (Count II), and statutory bad faith (Count III).  (Doc. 1-1.)  Defendant removed the action to this court on February 12, 2014.  (Doc. 1.)  On February 19, 2014, Defendant filed a motion to dismiss (Doc. 2), in response to which Plaintiff filed an amended complaint on March 5, 2014[1] (Doc. 3).

In his amended complaint, Plaintiff claims that Defendant breached the insurance contract by failing to pay the insurance claim in its entirety and further by failing to adjust and pay the loss accurately.  In addition, Plaintiff claims that Defendant intentionally or recklessly made false representations, including the following: (1) denying the claim due to construction deficiencies when the barn was properly constructed; (2) falsely indicating that the barn was built with collar ties of improper length; (3) misrepresenting the length of the collar ties; (4) falsely indicating that the barn was built with improper rafters and/or rafter system; (5) falsely stating that the barn was not properly built from the standpoint of mechanical connections utilized; and (6) falsely indicating that the rafters and rafter connections had previously separated.  Plaintiff contends that Defendant made these misrepresentations for the purpose of denying the full value of Plaintiff's insurance claim.

---

[1] The amended complaint included the addition of paragraphs 15(a)-(e) and the incorporation of additional provisions into paragraph 22(d).  (*See* Doc. 3)

2

On March 19, 2014, Defendant filed the instant motion to dismiss and motion to strike pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), seeking to dismiss Counts II and III of the amended complaint and to preclude any reference in the amended complaint to Pennsylvania's Unfair Insurance Practices Act, 40 Pa. Cons. Stat. § 1171.1 ("UIPA").  Defendant filed its brief in support of its motion on March 21, 2014.  (Doc. 7.)  On April 1, 2014, Plaintiff filed his response in opposition to the motion (Doc. 9) and brief in support (Doc. 8).  Defendant filed its reply on April 14, 2014.  (Doc. 12.)  Thus, this matter is fully briefed and is ripe for consideration.

II.       **Legal Standard**

    A.     **Motion to Dismiss**

Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Federal Rule of Civil Procedure 8 requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plaintiff's short and plain statement of the claim must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of

the non-moving party.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (internal citations omitted) (citing *Twombly*, 550 U.S. at 555, 557).  However, this "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."  *West Penn Allegheny Health Sys. Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010) (citing *Phillips*, 515 F.3d at 234).

  **B.** **Motion to Strike**

   Defendant moves to strike references to the UIPA contained in Plaintiff's amended complaint.  Federal Rule of Civil Procedure 12(f) grants to a court the discretion, on motion, to strike any immaterial or impertinent matter from a pleading.  "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."  *Natale v. Winthrop Res. Corp.*, Civ. No. 07-4686, 2008 WL 2758238, *12 (E.D. Pa. Jul. 9, 2008).  Relief pursuant to Rule 12(f) is generally disfavored and will be denied unless the allegations "have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case."  *Fiorentino v. Cabot Oil & Gas Corp.*, 750 F. Supp. 2d 506, 509 (M.D. Pa. 2010).

**III.**        <u>Discussion</u>

This case arises from Defendant's alleged mishandling of Plaintiff's insurance claim and failure to pay the claim in its entirety.  Defendant challenges the sufficiency of Plaintiff's amended complaint with regard to the Plaintiff's allegations that Defendant violated the UTPCPL and acted in bad faith.  In addition, Defendant seeks to strike references to the UIPA from the amended complaint.

**A.**        **UTPCPL Claim (Count II)**

Plaintiff alleges that, in the course of processing and denying a portion of his claim, Defendant violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201-1.  Defendant moves to dismiss this claim, arguing that Plaintiff failed to identify which provision of the UTPCPL Allstate allegedly violated, failed to identify the elements of a UTPCPL claim, and failed to plead any facts demonstrating Plaintiff's justifiable reliance.

The UTPCPL prohibits any person from engaging in "[u]nfair methods of competition and unfair or deceptive acts or practices," 73 Pa. Cons. Stat. § 201-3, and sets forth a non-exhaustive list of specific forbidden acts, *id*. at § 201-2(4)(i)-(xxi).  The Pennsylvania Supreme Court has instructed that courts are to construe the UTPCPL "liberally to effect its object of preventing unfair or deceptive practices." *Creamer v. Monumental Props., Inc.*, 329 A.2d 812, 817 (Pa. 1974).  The statute provides a  private cause of action for "[a]ny person who purchases or leases goods or services . . . and thereby suffers any ascertainable loss . . . , *as a result* of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act."  73 Pa. Cons. Stat. § 201-9.2(a) (emphasis supplied).  "Because the loss must occur 'as a result of' unlawful conduct under the UTPCPL, 'a private

5

plaintiff pursuing a claim under the statute must prove justifiable reliance' on the unlawful conduct, not merely that the wrongful conduct caused the plaintiff's injuries." *Seldon v. Home Loan Servs., Inc.*, Civ. No. 07-04480, 2009 WL 2394182, *11 (E.D. Pa. Aug. 4, 2009) (quoting *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3d Cir. 2008)); *see also Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004) (finding that for any UTPCPL claim a plaintiff must show that he "justifiably relied on [the] defendant's wrongful conduct or representation" and "suffered harm as a result of that reliance").

Plaintiff's UTPCPL claim neglects to identify the unfair method of competition or unfair and deceptive act Defendant allegedly committed and lacks supporting factual allegations demonstrating that Plaintiff justifiably relied on Defendant's representations or conduct.  Indeed, the amended complaint fails to allege the specific unfair method of competition under the UTPCPL alleged to have been violated by Defendant.  Consequently, for purposes of the instant motion, the court will construe Plaintiff's complaint to allege a cause of action under the UTPCPL's "catch-all" provision.  73 Pa. Cons. Stat. § 201-2(4)(xxi).

Under the catch-all provision, a defendant violates the UTPCPL by "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." *Id*.  In order to state a claim under this provision, a plaintiff must allege justifiable reliance and causation, elements essential to any UTPCPL claim.[2]  *Hunt*, 538 F.3d at 221-27 (citing, *e.g.*, *Santana Prods., Inc.*

---

[2]  Defendant argues that a claim under the catch-all provision also requires a plaintiff to prove the elements of common law fraud (and, presumably, the heightened pleading standard for fraud required by Federal Rule of Civil Procedure 9(b)).  In response, Plaintiff contends that a claim under the "deceptive conduct" language of the catch-all provision does not require pleading the elements of fraud.

(continued...)

6

*v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 136 (3d Cir. 2005); *Yocca,* 854 A.2d at 438; *Weinberg v. Sun Co.*, 777 A.2d 442, 446 (Pa. 2001)).

Plaintiff failed to state a claim for either fraudulent or deceptive conduct because he does not allege that he justifiably relied on Defendant's representations and that he suffered harm as a result of that reliance. *See Yocca*, 854 A.2d at 438. In his amended complaint, Plaintiff avers that Defendant made representations that were false, either intentionally or in reckless disregard of the truth, in an effort to mislead Plaintiff. (Doc. 3, ¶ 15.) Specifically, Plaintiff alleges that Defendant denied Plaintiff's claim due to several deficiencies in the construction when, in fact, the structure was properly constructed. (*Id.* at ¶ 15(a)-(f)). Although Plaintiff has alleged wrongful conduct, he has not alleged that he took any action pursuant to that conduct to his detriment.[3] Because the complaint fails to allege facts to show justifiable reliance, Plaintiff has not set forth a claim under the UTPCPL for which this court can grant relief.

Accordingly, Defendant's motion to dismiss Count II of the amended complaint will be granted. However, the court will grant Plaintiff leave to amend.

---

[2] (...continued)
The court agrees that a plaintiff alleging deceptive conduct need not plead the elements of common law fraud. *See Seldon v. Home Loan Servs.*, 647 F. Supp. 2d 451, 469 (E.D. Pa. Aug. 4, 2009) (noting that the Pennsylvania Supreme Court has not made a final determination as to this issue). Consequently, the court will not grant Defendant's motion to dismiss Plaintiff's UTPCPL claim on the basis of Plaintiff's failure to plead the elements of fraud.

[3] In his brief in opposition, Plaintiff urges the court to infer from the allegations that Plaintiff initially accepted the check in the amount of $102,328.19 in reliance on Defendant's alleged misrepresentations concerning the structural deficiencies of the barn. This is a contorted reading of the complaint, and more so, without any underlying facts as to how accepting the check constituted justifiable reliance and caused harm, the court cannot conclude that Plaintiff has met his burden to move forward with the claim.

### B.    Bad Faith (Count III)

Plaintiff also asserts a claim under 42 Pa. Cons. Stat. § 8371,[4] which provides a statutory remedy for an insurer's bad faith conduct.  While the statute does not explicitly define "bad faith," the Pennsylvania Superior Court has explained that bad faith includes "any frivolous or unfounded refusal to pay proceeds of a policy."  *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000) (quoting *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1997)).  "[B]ad faith is not present merely because an insurer makes a low but reasonable estimate of an insured's damages.*"  Johnson v. Progressive Ins. Co.*, 987 A.2d 781, 784 (Pa. Super. Ct. 2009).  In order to prevail on a bad faith claim, the plaintiff must show:  (1) that the defendant did not have a reasonable basis for denying benefits under the policy; and (2) that the defendant knew or recklessly disregarded its lack of a reasonable basis in denying the claim.  *Id*.  Moreover, the plaintiff must show that the insurer acted in bad faith based on some motive of self-interest or ill will.  *Terlestsky*, 649 A.2d at 688.  In doing so, the plaintiff need not

---

[4]  The statute provides as follows:

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

(2) Award punitive damages against the insurer.

(3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons.Stat. § 8371.

show that the insurer's conduct was fraudulent, but mere negligence or bad judgment is insufficient to make out a claim for bad faith.  *Id*.

Defendant first argues that Plaintiff's claim for bad faith should be dismissed because it rests almost entirely on allegations that Defendant violated the UIPA, and violations of the UIPA do not constitute bad faith under Pennsylvania law.  As such, Defendant urges the court to strike references to the UIPA from the amended complaint and to dismiss Plaintiff's claim for bad faith.  However, contrary to Defendant's position, "[a] claim for bad faith may be based on an alleged violation of the [UIPA]."  *Aldsworth v. State Farm Fire & Cas. Co.*, Civ. No. 3:13-cv-2941, 2014 WL 582792, *4 (Pa. M.D. Feb. 14, 2014); *Romano v. Nationwide*, 646 A.2d 1228, 1230 (Pa. Super. Ct. 1994).  Therefore, because violations of the UIPA may constitute bad faith, the relevance thereto is material and pertinent, and Defendant's motion to strike will be denied.

In the alternative, Defendant argues that Plaintiff's bad faith claim should be dismissed because the amended complaint is "devoid of any specific actions or inactions taken by [Defendant] to warrant a finding of bad faith" and instead "merely provides boilerplate language and general averments . . . ." (Doc. 7, p. 18.)  Defendant contends that the only factual averment set forth sufficiently in the amended complaint is that Defendant failed to pay the full amount of Plaintiff's claim and that a dispute concerning the value of damages does not amount to bad faith in Pennsylvania.  In response, Plaintiff argues that the relevance of Defendant's refusal to pay the claim is at issue, assuming he can establish that Defendant intentionally or recklessly made certain misrepresentations to Plaintiff in the course of evaluating his claim.

Certainly, there is a disagreement over the proper amount due to Plaintiff for his property claim.  This, of course, is not unusual.  *See Johnson*, 987 A.2d at 785 (stating that "[t]he underlying facts involve nothing more than a normal dispute between an insured and insurer over the value of a UIM claim . . . [a] routin[e] [scenario] in the processing of an insurance claim").  However, an insurance company's failure to accede to a demand cannot, without more, amount to bad faith.  Although the amended complaint would have ideally included additional facts suggesting that Defendant's payment on the claim was purposely less than the full amount to which Plaintiff was entitled, the complaint does allege that Defendant made multiple representations to Plaintiff for purposes of undervaluing his property claim.  In light of the parties' burdens at the motion to dismiss stage, and viewing the facts as true and granting Plaintiff all reasonable inferences, the court concludes that dismissal of Plaintiff's bad faith claim would be premature.  While discovery may provide a reasonable explanation for Defendant's conduct, Plaintiff's allegations raise a plausible inference of bad faith.  As such, Defendant's motion to dismiss Plaintiff's bad faith claim will be denied.

## IV.        <u>Conclusion</u>

For the reasons set forth above, Defendant's motion will be granted in part and denied in part.  The motion to dismiss will be granted as to Count II and denied as to Count III.  The motion to strike will be denied.

s/Sylvia H. Rambo
United States District Judge

Dated:  June 26, 2014.