IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GUY F. MILITELLO,** | : | **Civ. No. 14-cv-0240** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ALLSTATE PROPERTY AND** | : | |
| **CASUALTY INSURANCE CO.,** | : | |
| | : | **Sylvia. H. Rambo** |
| **Defendant** | : | |

# M E M O R A N D U M

In this civil action for breach of contract and bad faith, Plaintiff has sued his property insurance company for its alleged underpayment of an insurance claim. After suit was filed, the parties submitted to an appraisal process pursuant to the terms of the policy to resolve the amount of the loss, but Defendant subsequently withdrew from that process. Presently before the court is Plaintiff's motion for leave to file a second amended complaint to add an additional claim for breach of contract and further allegations of bad faith conduct based upon Defendant's withdrawal. For the reasons stated herein, Plaintiff's motion will be granted.

## I.        Background

In this memorandum, the court sets forth only the factual and procedural background necessary to explain its ruling.

On January 16, 2014, Plaintiff Guy Militello ("Plaintiff") filed a complaint against Defendant Allstate Property and Casualty Insurance Company ("Defendant") in the Lebanon County Court of Common Pleas alleging breach of contract, bad faith, and a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. § 201-1. (Doc. 1-1.)

Defendant removed the action to federal court on February 12, 2014.  (Doc. 1.)  On February 19, 2014, Defendant filed a motion to dismiss (Doc. 2), in response to which Plaintiff filed an amended complaint on March 5, 2014 (Doc. 3).

As asserted in the amended complaint, a horse barn owned by Plaintiff and insured by Defendant sustained significant damage when a horse struck a center support column in the barn.  Plaintiff submitted a claim to Defendant for the damage in the amount of $216,170.00, but Defendant declined to pay the claim in its entirety, instead providing Plaintiff with a payment in the amount of $102,328.19.  Plaintiff alleged that Defendant breached the insurance contract by failing to accurately assess and pay the loss, and that Defendant acted in bad faith by intentionally or recklessly making false representations for the purpose of denying the full value of the claim. (*Id.*)

On March 19, 2014, Defendant filed a motion to dismiss the UTPCPL and bad faith claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 6.) After consideration of the motion, the court dismissed the UTPCPL claim without prejudice, but denied the remainder of the motion.  (Docs. 15 & 16.)  The parties thereafter engaged in fact discovery, which concluded on February 14, 2015.  (*See* Doc. 14, p. 2 of 8.)

On April 9, 2015, Plaintiff filed the instant motion for leave to file a second amended complaint.  (Doc. 19.)  In his motion, Plaintiff avers that the parties agreed in October 2014 to resolve the breach of contract claim by committing to an appraisal process set forth in the underlying insurance policy.  (*Id.* at ¶ 4.)  The parties did not, however, agree to resolve the bad faith claim by means of appraisal. (*Id.* at ¶ 5.)  Nevertheless, Defendant, by and through its legal counsel, repeatedly attempted to pressure Plaintiff's counsel to drop the pending bad faith claim.  (*Id.* at

¶ 6.)  When Plaintiff's counsel refused to do so, Defendant's counsel sent an email indicating that he could not "proceed to appraisal with the bad faith claim hanging over [his] head." (*Id.* at ¶ 7.)  After further refusal to drop the bad faith claim, Defendant withdrew from the appraisal process by letter dated February 27, 2015. (*Id.* at ¶ 8.)  That withdrawal occurred only after both parties identified their individual appraisers and selected a neutral appraiser, and Plaintiff's appraiser had submitted his appraisal report to Defendant's appraiser.  (*Id.*)  Based on these averments, Plaintiff's proposed second amended complaint, submitted pursuant to Local Rule 15.1, asserts an additional claim that Defendant breached the insurance contract by withdrawing from the appraisal process to which it had contractually committed (Doc. 19-1, ¶¶ 25-32), and includes additional allegations of bad faith related to Defendant's withdrawal from the appraisal process due to Plaintiff's refusal to terminate his bad faith claim in federal court (*id.* at ¶¶ 22(j)-(l)).  The second amended complaint also contains additional substantive allegations regarding Defendant's alleged conduct.

Defendant opposes Plaintiff's motion, arguing that the court should not permit Plaintiff to file a second amended complaint because the additional claims, as asserted in the proposed amended complaint, were brought with undue delay and in bad faith, and because the claims would be futile as unable to withstand a motion to dismiss.  (*See generally* Docs. 23 & 24.)  Specifically, Defendant contends that it did not withdraw from the appraisal process because of the outstanding bad faith claim; in fact, it agreed to move forward with the appraisal after conceding that the terms of the parties' agreement as to whether the bad faith claim would remain viable was unclear.  (Doc. 23, p. 3 of 16.)  Rather, it withdrew from the appraisal process after deposition testimony taken of two of Plaintiff's contractors pursuant to the

outstanding bad faith action revealed that Plaintiff may have committed insurance fraud by increasing the value of his claim, altering his own contractor's estimates, and concealing the use of the property from Defendant. (*Id.* at p. 4 of 16.) As a result of this testimony, Defendant's counsel sent correspondence to Plaintiff's counsel on February 27, 2014, wherein it indicated its withdrawal from the appraisal process based upon the deposition testimony of the contractors and its intent to petition the court to amend its answer to include a counterclaim for insurance fraud. (*Id.* at p. 5 of 16.) Defendant contends that Plaintiff only sought to amend his complaint in anticipation of Defendant's filing of its own motion to amend, as evidenced by Plaintiff's purported belated filing of the motion, and that the motion is therefore brought with undue delay and in bad faith. In addition, Defendant argues that the proposed amendments are futile.

The motion has been fully briefed and is ripe for consideration.[1]


## II.        **Legal Standard**

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of the pleadings outside of the applicable time line set forth by the rule with leave of court, and directs that the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15. The Third Circuit has instructed that district courts should grant leave unless "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith[,] or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Diaz v.*

---

[1]      On April 16, 2015, Defendant filed a motion for leave to amend its answer to include affirmative defenses and to add counterclaims against Plaintiff for fraud, insurance fraud, and declaratory relief. (Doc. 20.) Because Plaintiff failed to respond to the motion, the court granted the motion as unopposed on June 15, 2015. (Doc. 27.)

*Palakovich*, 448 F. App'x 211, 215-16 (3d Cir. 2011) (citing *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)); *Provenzano v. Integrated Genetics, et al.*, 22 F. Supp. 2d 406, 410-11 (3d Cir. 1998). Given the liberal standard under Rule 15(a), "the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility." *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 700 (E.D. Pa. 2007).

The Third Circuit has repeatedly recognized that prejudice to the non-moving party is the touchstone for the denial of an amendment. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). Ultimately, however, the decision of whether to grant or deny a motion for leave to amend is within the sound discretion of the district court. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001) (citation omitted).

## III.      Discussion

Defendant argues that Plaintiff's second motion to amend the complaint should be denied because the motion involved undue delay, was made in bad faith, and is futile. The court will address these arguments *seriatim*.

### A.      Undue Delay

Defendant first opposes Plaintiff's motion to amend the complaint on the basis of undue delay. While delay, in and of itself, is an insufficient ground to deny leave to amend, *Cureton*, 252 F.3d at 273, at some point, the delay will become "undue," *Foman v. Davis*, 371 U.S. 178, 182 (1962). Delay becomes "undue," and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden upon the court or places an unfair burden on the opposing party. *Cureton*, 252 F.3d at 273. The question of undue delay requires the court to focus on

the reasons why the movant did not amend sooner.  *Arthur,* 434 F.3d at 205 n.11 (citing *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984).  However, even unexcused delay—without a showing of undue prejudice to the defendant or undue burden upon the court—does not constitute an undue delay.  *Cornell & Co. v. Occupational Safety & Health Review Com.*, 573 F.2d 820, 823 (3d Cir. 1978).  Accordingly, the length of delay is rarely dispositive.

Citing the December 2014 dispute between counsel as to whether an appraisal would resolve Plaintiff's bad faith claim, Defendant argues that Plaintiff's new allegations of bad faith undeniably arose at the time of that dispute, and, therefore, Plaintiff's four month delay in filing his second motion to amend constitutes undue delay.  Plaintiff's proposed amendments, however, hinge on Defendant's ultimate withdrawal from the appraisal process, which did not occur until February 27, 2014.  The court therefore finds that Plaintiff did not become fully apprised of the pertinent details upon which to base its claim until February 27, 2014.  Plaintiff filed the instant motion to amend on April 9, 2015.  Such a short delay was of reasonable duration under the circumstances presented herein, and created no prejudice or additional burden on either the court or Defendant.  Therefore, the court finds that the delay was not undue.

## B.    Bad Faith

Defendant further opposes Plaintiff's motion to amend the complaint on the basis of bad faith.  In this regard, Defendant contends that Plaintiff only filed the instant motion to amend his complaint after Defendant notified Plaintiff that it was amending its answer to include a counterclaim for insurance fraud.

As noted by Defendant, the Third Circuit has stated that bad faith could include "some indication of an intentional advancement of a baseless contention that is made for an ulterior purpose, *e.g.,* harassment or delay." *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3d Cir. 1986). The court has reviewed generally the submissions in support of Defendant's bad faith argument and is not convinced that Plaintiff is seeking to amend his complaint based on bad faith rather than the otherwise colorable claims asserted in his second amended motion. If it should be found later that Plaintiff lacks a good faith belief in the new facts upon which he bases his proposed amendment, Defendant is not without a remedy.

### C.    Futility

Defendant's final argument in opposition to Plaintiff's motion to amend is based on futility. In determining whether a claim would be futile, the district court applies the same standard of legal sufficiency as applied under Federal Rule of Civil Procedure 12(b)(6). *Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 243 (3d Cir. 2010). Futility thus means that the complaint, as amended, would fail to state a claim upon which relief could be granted, and in assessing futility, the court must take all well-pleaded facts in the proposed amended complaint as true, *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009), and construe them in the light most favorable to the plaintiff, *Jordan v. Fox Rothchild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). Futility may only serve as a basis for denial of leave to amend where "the proposed amendment 'is frivolous or advances a claim . . . that is legally insufficient on its face.'" *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (citing 6 Wright, et al. *Federal Practice and Procedure* § 1487 (2d ed. 1990)).

### 1.    Factual Basis for the Amendments

Defendant initially focuses its futility argument on the purported factual inaccuracy of Plaintiff's proposed amendments, asserting that the additional claims of breach of contract and bad faith would not survive a 12(b)(6) motion to dismiss because Defendant only withdrew from the appraisal process after uncovering evidence that Plaintiff had engaged in insurance fraud, not because Plaintiff refused to drop his bad faith claim.  In support thereof, Defendant relies on several email exchanges between counsel in an effort to support its version of events.  Defendant's argument, however, is not cognizable under the relevant standard of review, under which the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences therefrom in the light most favorable to the plaintiff.  For purposes of determining whether the new claims would survive a motion to dismiss, the court is concerned solely with the sufficiency of the pleading rather than with the evidence or the source of the factual allegations.  *Merrill Lynch Bus. Fin. Servs. Plesco, Inc.*, 859 F. Supp. 818, 825 (E.D. Pa. 1994).  It is not certain from the face of the complaint that relief could not be granted under any set of facts that could be proved to support Plaintiff's claims.  *DiCicco v. Willow Grove Bank*, 308 F. Supp. 2d 528, 534 (E.D. Pa. 2004) (citing *Markowitz v. Northeast Land Co.*, 906 F.2d 100 (3d Cir. 1990)) (stating that an amended complaint would not survive a motion to dismiss only if it were certain that no relief could be granted under any set of facts that could be proved).  While Defendant's arguments regarding the factual strength of Plaintiff's claims could ultimately prove successful later in the litigation, these dispositive issues in question are more properly addressed directly with all facts and arguments before the court on summary judgment, or by a jury if disputed facts remain.  Accordingly, the court concludes that Plaintiff's proposed amended

complaint states claims upon which relief may be granted.  Thus, the amendment to add the additional claims for breach of contract and bad faith are not futile for lack of a factual basis.

### 2.    Legal Sufficiency of the Amendments

Defendant also challenges the legal sufficiency of Plaintiff's proposed amendments, arguing that, even accepting the pleaded facts as true, Plaintiff cannot maintain the additional claims for breach of contract and bad faith.  The court disagrees.

### a.    Breach of Contract Claim

Under Pennsylvania law, a plaintiff asserting a claim for breach of contract must allege "the existence of a contract, including its essential terms; . . . a breach of a duty imposed by the contract; and . . . resultant damage." *Pittsburgh Const. Co. v. Griffith*, 834 A.2d 572, 580 (Pa. Super. 2003).  In the proposed amended complaint, Plaintiff alleges that, under the terms of the policy, Defendant was bound to participate in the appraisal process once it was invoked to settle the dispute as to the amount of the loss, and that Defendant withdrew from the process in violation of the policy after it became aware that Plaintiff was pursuing its bad faith claim in federal court.  Accordingly, Plaintiff has stated a claim for breach of contract, and the amendment to add an additional claim for breach of contract is not futile for lack of legal sufficiency.

### b.    Bad Faith Claim

Plaintiff has likewise stated a viable claim for bad faith.  Pennsylvania's bad faith statute provides as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:  (1) Award interest on the amount of the claim from the date

the claim was made by the insured in an amount equal to
the prime rate of interest plus 3%.  (2) Award punitive
damages against the insurer.  (3) Assess court costs and
attorney fees against the insurer.

42 Pa. Cons. Stat. § 8371.  The term "bad faith" is not defined in the statute, but the

Pennsylvania Superior Court has defined it as "'any frivolous or unfounded refusal

to pay proceeds of a policy.'"  *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649

A.2d 680, 688 (1994) (quoting Black's Law Dictionary 139 (6th ed. 1990)).  A

plaintiff asserting a claim for bad faith must allege that the insurer  "(1) did not have

a reasonable basis for denying benefits under the policy and (2) knew or recklessly

disregarded its lack of a reasonable basis in denying the claim."  *Greene v. United

Servs. Auto. Ass'n*, 936 A.2d 1178, 1189 (Pa. Super. 2007).

    Defendant argues that the inclusion of the additional allegations of bad

faith set forth in subparagraphs 22(j)-(l) of the proposed amended complaint would

be futile because those allegations relate to events which occurred after suit was filed

and did not constitute the denial of any benefit under the policy.  Contrary to

Defendant's extensive argument, however, bad faith in Pennsylvania "is actionable

regardless of whether it occurs before, during or after litigation."  *W.V. Realty Inc. v.

N. Ins. Co. of New York*, 334 F.3d 306, 313 (3d Cir. 2003).  While discovery abuses

alone by an insurer or its lawyer are not a sufficient basis for a bad faith claim, an

insurer can be held liable for bad faith conduct occurring during the pendency of

litigation that was intended to evade a duty owed under the policy.  *Slater v. Liberty

Mut. Ins. Co.*, Civ. No. 98-1711, 1999 WL 178367, *2 n.3 (E.D. Pa. Mar. 30, 1999);

*W.V. Realty Inc.*, 334 F.3d at 313-14.  Here, Plaintiff is advancing a bad faith claim

based on more than discovery abuses.  In the proposed second amended complaint,

Plaintiff alleges that Defendant acted in bad faith by threatening to withdraw from

the appraisal process if Plaintiff did not terminate his bad faith claim and by

ultimately withdrawing from the process after Plaintiff refused to do so.  In light of the Pennsylvania Superior Court's determination that the conduct of an insurer during the pendency of litigation may be construed as evidence of bad faith under Section 8371, Plaintiff has stated a claim for bad faith.  The court therefore cannot conclude that amendment of the complaint to include the additional allegation of bad faith would be futile.

**IV.**           **Conclusion**

Based on the foregoing reasons and upon consideration of the liberal pleading philosophy of the Federal Rules of Civil Procedure, the court finds that the proposed amendments would not be futile.  The court further finds no basis to either conclude that the delay in filing for leave to amend was undue or motivated by bad faith, or that granting leave to amend would prejudice Defendant.  Thus, the court concludes that granting leave to amend is in the interest of justice under Rule 15(a).

An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated:  June 16, 2015.

11