IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GUY F. MILITELLO,** : | |
| : | **Civ. No. 1:14-cv-0240** |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| **ALLSTATE PROPERTY AND** : | |
| **CASUALTY INSURANCE** : | |
| **COMPANY,** : | |
| : | **Judge Sylvia H. Rambo** |
| Defendant. : | |

**M E M O R A N D U M**

A jury trial was held in the above-captioned matter in February 2016, and concluded in a split verdict in which neither party succeeded on its own claims. Presently before the court is Defendant's post-trial motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). (Doc. 91.) For the reasons that follow, the court will deny the motion.

**I.    Background**

Because the factual background of this case is intimately familiar to the parties and has been previously discussed at length by the court, *see Militello v. Allstate Prop. and Casualty Ins. Co.*, Civ. No. 1:14-cv-0240, 2015 WL 7300520 (M.D. Pa. Nov. 18, 2015), a detailed discussion of the facts will not be recited herein. Briefly, Plaintiff Guy Militello ("Plaintiff") owns a horse barn located within the Middle District of Pennsylvania that, at all times relevant hereto, was insured by Defendant Allstate Property and Casualty Insurance Company

("Defendant"). On October 5, 2012, the roof of the barn collapsed, the cause of which remains in dispute, and Plaintiff thereafter submitted a claim to Defendant for the damage in the amount of $216,170.00. Defendant declined to pay the claim in its entirety and instead provided Plaintiff with a payment in the amount of $109,834.52. Plaintiff initiated this lawsuit in 2014, and Defendant later filed counterclaims against Plaintiff. The crux of the lawsuit at the time of trial involved Plaintiff's allegation that Defendant breached the parties' insurance contract by failing to pay the full value of his property insurance claim, and Defendant's counterclaim that Plaintiff committed insurance fraud by misrepresenting to Defendant that the property was not used for commercial purposes and by inflating his contractors' repair estimates in order to receive additional insurance proceeds.

Relevant to the matter *sub judice*, in its July 6, 2015 answer to Plaintiff's second amended complaint, Defendant set forth twenty-one affirmative defenses and asserted three counterclaims related to facts it had allegedly uncovered during discovery. Counterclaim I, containing a claim for fraud, alleged that Plaintiff committed fraud by representing to Defendant that no part of the barn was used for business purposes and by altering his contractors' estimates. (*See* Doc. 32, ¶¶ 129-139.) Counterclaim I further alleged that Defendant would not have provided Plaintiff with the insurance policy or made payment on the claim had Plaintiff truthfully and accurately represented that the structure was used for business

purposes, or if Defendant had known that Plaintiff knowingly misrepresented the value of his claim. (*See id.* at ¶¶ 140-147.) Counterclaim II, containing a claim pursuant to Pennsylvania's Insurance Fraud Statute, 42 Pa.C.S.A. § 4117(b)(4), likewise alleged that Plaintiff misrepresented the use of the structure and intentionally altered estimates. (*See id.* at ¶¶ 148-164.) Counterclaim III, containing a claim for declaratory judgment pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, again alleged that Plaintiff misrepresented the use of the structure and the value of his claim, and that, based on its terms, the insurance policy is void and Plaintiff is not entitled to insurance coverage for the loss. (*See id.* at ¶¶ 165-177.) For relief, Counterclaim III sought "a declaration that the insurance policy is void and/or Plaintiff breached the terms of the insurance policy, and order that Plaintiff return all monies paid to him by [Defendant]." (*Id.* at p. 37.)

Following a four-day jury trial, the jury rendered a verdict in favor of Defendant on Plaintiff's breach of contract claim, and in favor of Plaintiff on Defendant's claims for common law and statutory insurance fraud. (Doc. 81.) At issue herein is the jury's response to Question Number 1 on the verdict sheet in which the jury found that the loss did not occur during the course of repair. (*Id.* at No. 1.) Because the insurance policy at issue would only cover the collapse if it occurred during the course of repair (*see* Doc. 35-8, p. 15 of 31),[1] the jury's answer

---

[1] Specifically, the insurance policy stated as follows:

3

to that question necessarily rendered a verdict in favor of Defendant on Plaintiff's breach of contract claim.

In the instant motion, Defendant argues that the final judgment dated February 12, 2016 fails to give effect to the jury's verdict in favor of Defendant on Plaintiff's breach of contract claim and should be amended by the court. (Doc. 92, p. 2.) Specifically, Defendant argues that, because the jury found that the collapse did not occur during the course of repair as Plaintiff ultimately represented in his claim and at trial, the jury also found that Plaintiff concealed and/or misrepresented his claim to Defendant. (*Id.*) As such, Defendant contends that the claim is not a covered loss for which the policy provides coverage and therefore Defendant should be reimbursed the $109,834.52 it paid to Plaintiff on the claim. (*Id.*) In an opposition filed on March 23, 2016, Plaintiff argues, *inter alia*, that the motion should be denied because Defendant did not bring an action and/or counterclaim to recover based on a misrepresentation or concealment regarding the cause of the collapse. (*See generally* Doc. 94.) In reply, Defendant contends that its affirmative

---

> For coverage to apply, the collapse of a building structure specified in a) or b) above must be a sudden and accidental direct physical loss caused by one or more of the following:
>
> a) defective methods or materials used in construction, repair, remodelling or renovation, but only if the collapse occurs in the course of such construction, repair, remodelling or renovation.

(Doc. 35-8, p. 15 of 31.)

defenses and declaratory judgment counterclaim properly asserted its right to reimbursement in the event the jury found that Plaintiff breached the insurance policy by making a material misrepresentation or concealment in the course of submitting his claim to Defendant. (*See generally* Doc. 95.) Thus, the matter has been fully briefed and is ready for consideration.

**II.** **Legal Standard**

A court may alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e), which is often referred to as a motion for reconsideration. A motion to alter or amend must rely on one of three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available [previously]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Thus, when a jury errs as a matter of law, a court may rectify this error through a Rule 59(e) motion. *Keifer v. Reinhart Foodservices, LLC*, 563 F. App'x 112, 115 (3d Cir. 2014). However, "motions for reconsideration should not be used to put forward arguments which the movant . . . could have made but neglected to make before judgment." *United States v. Jasin*, 292 F. Supp. 2d 670, 677 (E.D. Pa. 2003) (citation omitted). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration

should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

**III.** **Discussion**

Defendant's July 6, 2015 answer primarily asserted counterclaims against Plaintiff for common law and statutory fraud, with a particular emphasis on Plaintiff's alleged misrepresentations regarding his use of the property. Many months later and following a four-day jury trial at which the jury rendered a verdict in favor of Plaintiff on Defendant's previously filed counterclaims for fraud, Defendant is essentially raising, for the first time, a breach of contract claim, having come to the conclusion based upon the verdict form that Plaintiff breached the insurance contract by misrepresenting a material fact regarding the cause of the collapse in the submission of his insurance claim. However, Defendant has raised its breach of contract claim far too late in the day, and for that reason, the court must preclude it from pursuing it now.

As an initial matter and notwithstanding Defendant's assertions to the contrary, it is clear that an affirmative defense is not a claim for relief but a *defense* to a claim for relief, and, therefore, it does not provide an avenue for an award of damages. *See, e.g.*, *Philadelphia Indem. Ins. Co. v. Chicago Title Ins. Co.*, 771 F.3d 391, 401-02 (7th Cir. 2014) ("An affirmative defense is not a 'claim.'"); *Yarbrough v. First Am. Title Ins. Co.*, Civ. No. 14-cv-1453, 2015 WL 7451193, *5

(D. Or. Nov. 23, 2015) ("[U]nlike counterclaims, 'affirmative defenses are liability avoidance measures that are not designed to create liability, but merely to avoid it.") (citation omitted); *Doyle v. Illinois Cent. R.R. Co.*, Civ. No. 08-cv-0971, 2009 WL 224897, *2 (E.D. Cal. Jan. 29, 2009) ("An affirmative defense is a defense, not a claim for affirmative relief.); *see also Sass v. Amtrust Bank*, 74 A.3d 1054, 1060-62 (Pa. Super. 2013) ("[I]t is clear that a defense or affirmative defense is not properly called an 'action' or a 'claim' but is rather a *response* to an action or a claim. When a lawyer files a responsive pleading to an action or claim, she does not say that she is bringing an action or filing a claim; instead, she says that she is answering, responding to, or defending against an action."). Thus, having lost on its counterclaims for fraud, Defendant's right to reimbursement could only be available through its declaratory judgment claim.

In its declaratory judgment claim, Defendant sought a declaration, in part, that "Plaintiff breached the terms of the insurance policy." (Doc. 32, p. 37.) While the court may have construed the claim as a breach of contract claim and addressed it as such at trial,[2] Defendant never pursued any such claim prior to its

---

[2] Had Defendant pursued its declaratory judgment claim, the court likely would have found that the gravamen of the action sounded in breach of contract, and that, as such, Plaintiff was entitled to a jury trial on the claim. *See AstenJohnson, Inc. v. Columbia Cas. Co.*, 562 F.3d 213 (3d Cir. 2009) (citing *Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185 (3d Cir. 1975)) (explaining that "the fact that the action is in form a declaratory judgment case should not obscure the essential nature of the action;" instead, the court must look to the basic nature of the suit in which the issues would have arisen had Congress not created the Declaratory Judgment Act).


post-trial briefing. Indeed, there was no indication whatsoever prior to trial—or even at trial—that Defendant was attempting to pursue a breach of contract claim related to misrepresentations made by Plaintiff during the procurement of his insurance policy or the submission and investigation of his claim. Instead, all of Defendant's efforts during the course of this litigation pertained to defending itself against Plaintiff's breach of contract claim and pursuing its own claim for fraud, which it had the burden of proving by clear and convincing evidence. A review of the documents filed in this case in the months leading up to trial is illustrative. Defendant's pre-trial memorandum, filed pursuant to local rule, is silent as to any allegation or claim related to Plaintiff breaching the insurance contract. (*See generally* Doc. 64.) While the memorandum provides a lengthy recitation of the factual and legal basis for Defendants' counterclaims for fraud, Defendant provides absolutely no basis for its declaratory judgment claim, instead only mentioning it in a perfunctory list of its claims. (*See id.* at p. 2.) Defendant's trial brief is similarly silent as to its declaratory judgment claim. (*See generally* Doc. 72.) In fact, despite stating that a "Memorandum of Law in Support of [Defendant]'s Counterclaim for Declaratory Judgment" would be provided as one of several exhibits to the trial brief, no such brief was attached. (*See id.*, p. 12.) Separate briefs were provided, however, on Defendant's claims for fraud. (*See* Docs. 72-4 & 72-5.) Over the course of the trial, Defendant never once alluded to the possibility

of proving any claim aside from common law and statutory fraud. Finally, Defendant did not object to the jury instructions or the court's verdict slip, which the court attempted to structure in such a way as to clarify the three claims before the jury, *i.e.*, Plaintiff's breach of contract claim and Defendant's claims for common law and statutory fraud, with the intent that the jury would find in favor of either Plaintiff or Defendant on each count and assess any damages. Only after the jury rendered its verdict in favor of Plaintiff on Defendant's counterclaims for fraud did Defendant argue that a breach of contract claim should be considered by the court as grounds for granting a declaratory judgment in its favor.

"It is well established that failure to raise an issue in the district court constitutes a waiver of that argument," *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1298 (3d Cir. 1991), and a trial judge has broad discretion to prohibit parties from raising matters which they have failed to pursue in pretrial proceedings. *Sample v. Diecks*, 885 F.2d 1099, 1106 (3d Cir. 1989). This is true regardless of whether a pretrial order issues. *Price v. Inland Oil Co.*, 646 F.2d 90, 96 (3d Cir. 1981). If a judge has wide latitude in limiting parties to the issues that were raised pretrial, then it is only logical that that discretion is even broader when a party completely fails to raise a claim prior to trial, proceeds through trial with the court and the opposition assuming that it is only pursuing its asserted claims, and then drops the bomb of trying to raise, for the first time, a

brand new claim following trial as part of its declaratory judgment claim. Defendant had months to consider the nature of Plaintiff's alleged misrepresentations and was fully aware of the factual basis for a potential breach of contract claim and the legal arguments it might make in support thereof, but put off making any such claim until post-trial, well after Plaintiff had committed itself to a strategy in defending against Defendant's claims of fraud for which Defendant carried the more taxing burden to prove by clear and convincing evidence. The court will not now construe Defendant's declaratory judgment claim as a *post hoc* claim for breach of contract based on a factual finding of the jury. As to the claims Defendant chose to pursue, the jury clearly found that it did not prove those claims by clear and convincing evidence. The verdict will stand.

## IV.    Conclusion

For the reasons stated above, the court finds that Defendant waived its claim for breach of contract. Accordingly, Defendant's motion to amend the judgment will be denied. An appropriate order follows.

     s/Sylvia H. Rambo
     SYLVIA H. RAMBO
     United States District Judge

Dated: June 14, 2016